IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M. DOUGLAS BENSON, PhD, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:25-cv-540 |
| TEXAS A&M UNIVERSITY | § | |
| *Defendants.* | § | |
| | § | |

## DEFENDANT'S NOTICE OF REMOVAL

NOW COMES Defendant Texas A&M University and files this Notice of Removal and respectfully shows this Court the following:

1. This removal is pursuant to 28 U.S.C. § 1441(a). Removal is proper pursuant to U.S.C. § 1441(a) because Plaintiff's suit involves issues under federal law. 28 U.S.C. §1331. Plaintiff M. Douglas Benson asserts wrongful termination and retaliation, and raises issues with Defendant Texas A&M University's application of Title IX related to his employment throughout his Original Petition. *See* Plaintiff's Original Petition. Plaintiff also cites 28 U.S.C. § 1391 (b) to establish venue. *See* Plaintiff's Original Petition ¶ 2.

2. There is a federal question jurisdiction pursuant to 28. U.S.C. § 1331 as plaintiff asserts Title IX in his Original Petition related to his causes of action. Federal district courts are courts of limited jurisdiction and hove subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28. U.S.C. § 1331. Because the Plaintiff is the master of his

complaint, whether Plaintiff's cause of action presents a federal question ""depends on the allegations of the [Plaintiff's] well-pleaded complaint." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014) (quoting *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001)).

3.   This action was originally filed in the 162nd Judicial District Court of Dallas County, Texas, as Cause No. DC-24-11531. Plaintiff is M. Douglas Benson; Defendant is Texas A&M.  Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district and division. That said, Defendant requests that this matter be transferred to the Southern District of Texas, Houston Division because Texas A&M's venue provision under Tex. Educ. Code § 85.18(b) mandates that venue would have been in Brazos County, Texas, where the primary office of the chief executive officer, President Mark Welsh, is located had the matter remained in state court.

4.   Plaintiff filed his state court action on July 30, 2024, asserting allegations related to 20 U.S.C. § 1681 (Title IX). The court determined in its February 7, 2025 Order Denying Plaintiff's Motion for Default Judgment that Plaintiff had not properly served Defendant Texas A&M University in this matter. Despite this, Defendant Texas A&M University made its first appearance in the case with the filing of its Response to Plaintiff's Motion for Default Judgment on February 3, 2025. Defendant also filed its Answer on February 7, 2025. Defendants have thirty (30) days in which to remove. 28 U.S.C. §1446(b). Therefore, this removal is timely.

2

5.      Plaintiff did not make a demand for a trial by jury within his Original Petition.

6.      A copy of all process, pleadings, and orders served upon, or by, Defendant in the state court suit are being filed with this notice as required by 28 U.S.C. §1446(a). Further, Defendant has complied with the Northern District of Texas Local Rule 81.1.

7.      Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the suit has been pending. *See* 28 U.S.C. § 1446(d).

8.      This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice or Removal, and all defenses, motions, and pleas are expressly reserved.

## **PRAYER**

ACCORDINGLY, Defendant pray that this cause be removed to the United States District Court for the Northern District of Texas, Dallas Division.

> Respectfully Submitted,
>
> **KEN PAXTON**
> Attorney General of Texas
>
> **BRENT WEBSTER**
> First Assistant Attorney General
>
> **RALPH MOLINA**
> Deputy First Assistant Attorney General
>
> **AUSTIN KINGHORN**
> Deputy Attorney General for Civil Litigation
>
> **KIMBERLY GDULA**
> Chief for General Litigation Division
>
> */s/ Anthony Dolcefino*
> **ANTHONY DOLCEFINO**

          Attorney-in-Charge
          Texas Bar No. 24134406
          Southern District ID No. 3869872
          Office of the Attorney General
          Assistant Attorney General
          P.O. Box 12548, Capitol Station
          Austin, Texas 78711-2548
          (512) 463-2120 / Fax (512) 320-0667
          Anthony.Dolcefino@oag.texas.gov

          **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of foregoing was served through CM/ECF filing, on this the 4th day of March, 2024, to:

**LAUREN STONE**
State Bar No. 24107932
STONE LAW, PLLC
7104 Royal View Drive
McKinney, Texas 75070
Telephone: (214) 422-2914
Laurenelizabethstone2@gmail.com
*ATTORNEYS FOR PLAINTIFF*

          */s/ Anthony Dolcefino*
          **ANTHONY DOLCEFINO**
          Assistant Attorney General